# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ESTELLA PAUGH, WIDOW OF WILLARD PAUGH,**
Claimant Below, Petitioner

**vs.)    No. 11-0712**  (BOR Appeal No. 2045182)
(Claim No. 2005038598)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
Commissioner Below, Respondent

**and**

**EASTERN ASSOCIATED COAL CORPORATION,**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Estella Paugh, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal Corporation, by Ann Rembrandt[1], its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2011, in which the Board affirmed a September 21, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 8, 2005, decision denying Ms. Paugh's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] On April 18, 2012, Ms. Rembrandt withdrew from the representation of Eastern Associated Coal Corporation. Eastern Associated Coal is now represented by Henry Bowen.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Paugh passed away on December 10, 2004. Although the Occupational Pneumoconiosis Board found that Mr. Paugh suffered from occupational pneumoconiosis, on October 11, 2005, it found that occupational pneumoconiosis was not a material contributing factor to his death. On May 29, 2009, Dr. Oesterling reviewed Mr. Paugh's medical records. He noted Mr. Paugh's sixty-year smoking habit, and found that his death was attributable to lung cancer caused by smoking cigarettes. Dr. Oesterling agreed with the conclusions of the Occupational Pneumoconiosis Board, and stated that exposure to coal dust did not contribute to Mr. Paugh's death. Dr. Fino performed a medical records review on January 28, 2010. He also noted Mr. Paugh's significant history of cigarette smoking, and found that Mr. Paugh's death was caused by lung cancer attributable to cigarette smoking. Dr. Fino stated that there is nothing in the medical record to suggest that occupational pneumoconiosis caused or contributed to Mr. Paugh's death. At an August 4, 2010, Occupational Pneumoconiosis Board hearing, the Occupational Pneumoconiosis Board stated that occupational pneumoconiosis did not play a material role in Mr. Paugh's death, which was caused by lung cancer attributable to cigarette smoking. The Occupational Pneumoconiosis Board further stated that occupational exposure did not hinder or delay Mr. Paugh's cancer diagnosis or treatment. Finally, the Occupational Pneumoconiosis Board stated that there is nothing linking Mr. Paugh's death or development of lung cancer to occupational exposure.

In its Order affirming the November 8, 2005, claims administrator's decision, the Office of Judges held that Ms. Paugh is not entitled to dependent's benefits because the evidence of record does not demonstrate that occupational pneumoconiosis contributed in any material way to Mr. Paugh's death. Ms. Paugh disputes this finding and asserts that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to her husband's death.

The Office of Judges held that the evidence of record establishes that Mr. Paugh suffered from occupational pneumoconiosis, but that to be eligible for dependent's benefits, Ms. Paugh must demonstrate that occupational pneumoconiosis materially contributed to her husband's death pursuant to West Virginia Code § 23-4-10 (2010). The Office of Judges found that the record indicates that Mr. Paugh smoked cigarettes for sixty years, and at one time smoked as much as three packs per day. The Office of Judges further found that every physician's report in the record, including that of the Occupational Pneumoconiosis Board, concluded that Mr. Paugh's death was the result of metastatic lung cancer secondary to cigarette smoking. The Office of Judges also found that every physician who reviewed Mr. Paugh's medical records concluded that occupational pneumoconiosis did not cause or contribute to his death in any way. Finally, the Office of Judges held that there is no medical evidence of record connecting Mr. Paugh's death to occupational pneumoconiosis. The Board of Review reached the same reasoned conclusions in its decision of March 29, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II